## Charles C. Wright *vs.* Enoch Leonard.

A deed of low lands sold for nonpayment of the costs of improvement assessed thereon by commissioners appointed by the court of common pleas, pursuant to Rev. Sts. *c.* 115, passes no title, unless the return of the commissioners to the court shows the appointment of the collector by whom the deed was made.

Shaw, C. J. This is tort, in the nature of an action of trespass *quare clausum.* The defendant admits the entry and taking of the grass, as described; but justifies under a claim of title in himself. To maintain this title, he relies on the deed made to him, in fee, by Elijah Blake, as collector of an assessment laid on one Hendrick, by commissioners appointed by the court of common pleas, pursuant to the Rev. Sts. *c.* 115, to make improvements on low lands, and apportion and assess the costs thereof upon the parties benefited thereby. Such collector has the same power, and is to proceed in like manner, in collecting such assessments, as is provided by law for the collecting of town taxes. Rev. Sts. *c.* 115, § 8. As such an officer has himself no interest in the estate conveyed, his deed can operate only by way of the execution of a power conferred by statute; and, pursuant to the general rule, that all provisions under which such powers are given must be strictly complied with; to give effect to such an official deed, it must appear that such officer has been duly

appointed, and that the terms on which he is authorized to make a sale of real estate have been complied with.

Several objections are made to the validity of the tax title under which the defendant claims, of which we give no opinion; because we have considered one as decisive. We have before us the record of the court of common pleas, including the return of the commissioners; and it nowhere appears therein that Elijah Blake or any other person was appointed collector of the said assessments, or authorized to collect the same, or invested with authority to enforce payment thereof by a sale of the delinquent's real estate. The nearest approach to it is, in the taxation of costs, the allowance " to Elijah Blake, for collecting," which might have been earned without any appointment or warrant. Even had the original warrant appeared under their hands, it would have shown an authority *in pais* only, not to be returned to, and made part of the record of the court of common pleas. Therefore, unless the commissioners, in their return, stated the appointment of said Blake as collector, and furnished him with a proper warrant to execute the authority given to such an officer by law, it would nowhere appear of record. The court are therefore of opinion that the defendant took no title by such deed, and that the plaintiff is entitled to judgment.

*C. A. Winchester*, for the plaintiff.

*E. W. Bond*, for the defendant.